From what we have said, it follows that the judgment of the trial court should be affirmed and it is so ordered.

Opinion approved by the Court.

On Appellant's Motion for Rehearing.

DAVIDSON, Judge.

Appellant again urges upon us the insufficiency of the information, notwithstanding the fact that no attack was made thereon during the trial of the case.

We perceive no fundamental defect in the information. To the contrary, it follows established precedents. Young v. State, 120 Tex.Cr.R. 39, 47 S.W.2d 320;

Clifton v. State, 138 Tex.Cr.R. 258, 135 S.W.2d 115.

If consideration be given to appellant's complaint of argument of State's counsel, no reversible error is reflected thereby, because the argument violated no statutory or mandatory right. When viewed in connection with the punishment assessed, a fine of $100, it cannot be said that the argument was inflammatory or that it constitutes reversible error.

We did not intend, by anything said in the original opinion, to hold that negligence other than that coming within the meaning of our Penal Code relating to negligent homicide (Art. 1231 and Art. 1238, P.C.) is contemplated by Art. 1149, P.C.Vernon's Ann.P.C. art. 1149. See McDuffey v. State, Tex.Cr.App., 206 S.W.2d 601.

We remain convinced that a correct conclusion was reached originally, and the motion for rehearing is overruled.

Opinion approved by the Court.

Clarence J. HANKINS, Appellant, v. The STATE of Texas, Appellee.

No. 24646.

Court of Criminal Appeals of Texas.

Nov. 2, 1949.

No appearance for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was found guilty of murder with malice and his punishment assessed at confinement in the penitentiary for life.

The appellant has filed proper motion to withdraw the appeal. The motion is granted and appeal is dismissed.